**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| DEAN R. LOPPNOW, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) No. 4:08-MC-661 CAS |
| | ) |
| UNITED STATES OF AMERICA, et al., | ) |
| | ) |
| Respondents. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on two motions to dismiss filed by the respondents. Respondents Internal Revenue Service ("IRS") and IRS Special Agent Jeff Stotko move to dismiss for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6). Respondent United States of America moves to dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1), Fed. R. Civ. P., and also for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6), Fed. R. Civ. P. The pro se petitioner, Dean R. Loppnow, has not responded to either motion to dismiss and the time to do so has passed. For the following reasons, the motions to dismiss will be granted and this matter will be dismissed for lack of subject matter jurisdiction.

**Background**.

This is an action by petitioner to quash two IRS administrative summonses served on a third party, Scottrade, on November 3, 2008. The summonses seek records relating to financial transactions with or on behalf of petitioner and his wife, Lynn Loppnow. Copies of the summonses

were sent by certified mail to petitioner and Mrs. Loppnow at their home on November 3, 2008, and the certified mail return receipts were signed by petitioner on November 4, 2008.

**Legal Standard**.

The purpose of a motion to dismiss for failure to state a claim is to test the legal sufficiency of the complaint. As the Supreme Court held in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), a complaint must be dismissed pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." Id. at 570 (abrogating the traditional 12(b)(6) "no set of facts" standard set forth in Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). A plaintiff need not provide specific facts in support of his allegations, Erickson v. Pardus, 551 U.S. 89, 127 S. Ct. 2197, 2200 (2007) (per curiam), but "must include sufficient factual information to provide the 'grounds' on which the claim rests, and to raise a right to relief above a speculative level." Schaaf v. Residential Funding Corp., 517 F.3d 544, 549 (8th Cir.), cert. denied, 129 S. Ct. 222 (2008) (citing Twombly, 550 U.S. at 555 & n.3). This obligation requires a plaintiff to plead "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555. A complaint "must contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under *some* viable legal theory." Id. at 562 (quoted case omitted). This standard "simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of [the claim or element]." Id. at 556.

On a motion to dismiss, the Court accepts as true all of the factual allegations contained in the complaint, even if it appears that "actual proof of those facts is improbable," id. at 556 and reviews the complaint to determine whether its allegations show that the pleader is entitled to relief.

Id. at 555-56; Fed. R. Civ. P. 8(a)(2). In addition, the Court must liberally construe a pro se complaint, which is "held to less stringent standards than formal pleadings drafted by lawyers." Erickson, 127 S. Ct. at 2200 (quoted case omitted).

**Discussion**.

    A. <u>Motion to Dismiss Respondents Internal Revenue Service and Jeff Stotko</u>

Respondents the IRS and Agent Stotko move to dismiss petitioner's claims against them on the basis that the only proper respondent in a proceeding to challenge a third-party summons is the United States, citing, among other cases, <u>Deleeuw v. I.R.S.</u>, 681 F. Supp. 402, 403 (E.D. Mich. 1987).

Respondents are correct that the IRS and Agent Stotko are not proper parties to this action. <u>See</u> <u>Acevedo v. United States</u>, 2008 WL 2098129, *2 (E.D. Mo. May 16, 2008). An executive department of the United States or one of its agencies may only be sued in its own name if the authority to be sued has been expressly been conferred by Congress. <u>Blackmar v. Guerre</u>, 342 U.S. 512, 514-15 (1952). Congress has not authorized the Treasury Department or any of its divisions or bureaus to be sued. <u>Castleberry v. Alcohol, Tobacco & Firearms Div. of Treasury Dep't of U.S.</u>, 530 F.2d 672, 673 n.3 (5th Cir. 1976). An action to quash an IRS summons is a suit against the United States. <u>Barmes v. United States</u>, 199 F.3d 386, 388 (7th Cir. 1999). Relief sought against Agent Stotko is actually relief sought against the United States. <u>See</u> <u>Deleeuw</u>, 681 F. Supp. at 404.

The motion to dismiss the petition as to the IRS and Agent Stotko should therefore be granted.

B.  United States' Motion to Dismiss

The United States moves to dismiss the petition to quash for lack of subject matter jurisdiction under Rule 12(b)(1), arguing that the action is barred by the doctrine of sovereign immunity because it was not timely filed and because petitioner did not timely mail a copy of the petition to quash to the IRS and the summoned third party.  The United States also seeks dismissal under Rule 12(b)(6) for failure to state a claim upon which relief can be granted.  The Court finds that it lacks subject matter jurisdiction over this action and will dismiss it on that basis.

The United States is immune from suit unless there is a valid waiver of sovereign immunity. Kaffenberger v. United States, 314 F.3d 944, 950 (8th Cir. 2003).  Title 26 United States Code Section 7609(b) is the exclusive method by which a taxpayer can challenge a summons issued by the IRS to a third-party recordkeeper.  Ponsford v. United States, 771 F.2d 1305, 1309 (9th Cir. 1985). The procedures for filing a petition to quash are set forth in § 7609(b)(2) as follows:

> (A) In general.--Notwithstanding any other law or rule of law, any person who is entitled to notice of a summons under subsection (a) shall have the right to begin a proceeding to quash such summons not later than the 20th day after the day such notice is given in the manner provided in subsection (a)(2).  In any such proceeding, the Secretary may seek to compel compliance with the summons.

26 U.S.C. § 7609(b)(2)(A).

"A district court lacks jurisdiction to hear a case against the United States unless its sovereign immunity has been waived, and the court's jurisdiction is limited by the scope of the waiver." Kaffenberger, 314 F.3d at 950.  A district court for the district within which the summoned third-party recordkeeper resides or is found has jurisdiction to hear and determine any proceeding brought under subsection (b)(2).  26 U.S.C. § 7609(h).  A district court does not have jurisdiction

under subsection (b)(2), however, if the procedural prerequisites of section 7609 are not met. See Faber, 921 F.2d at 1119.

Pursuant to subsection (b)(2)(A), the petition to quash must be filed within twenty days after notice of the summons is given to the taxpayer. This twenty-day period is jurisdictional, and the court must dismiss a petition not filed within that time period. Clay v. United States, 199 F.3d 876, 879 (6th Cir. 1999); Faber v. United States, 921 F.2d 1118, 1119 (10th Cir. 1990); Ponsford, 771 F.2d at 1309. The jurisdictional limitation of section 7609 is a conditional waiver of the government's sovereign immunity. Faber, 921 F.2d at 1119 (citing Stringer v. United States, 776 F.2d 274 (11th Cir. 1985), and Ponsford, 771 F.2d at 1309). Under the doctrine of sovereign immunity, the United States is not subject to suit absent its consent. Id. Because the exercise of a court's jurisdiction over the government depends upon the government's consent, a statute that waives sovereign immunity must be strictly construed. Id. As a result, a district court exercising jurisdiction pursuant to 26 U.S.C. § 7609(h) has jurisdiction over a petition to quash a third party summons only if the petition is timely filed within the twenty-day filing period established by the statute. See id.

The twenty-day period in which petitioner could have filed a petition to quash under § 7609 began to run on November 3, 2008, the date the IRS sent the notices by certified mail. Petitioner filed his petition to quash on November 25, 2008, more than twenty days after the government sent notice of the summons to him and his wife by certified mail at their last known address on November 3, 2008.[1] The petition to quash is therefore untimely. As a result, there has been no waiver of

---

[1] The 20-day time period under § 7609(b)(2)(A) begins to run on the date that notice of the summons is mailed to the taxpayer, not the date on which it is received. Berman v. United States, 264 F.3d 16, 18-19 (1st Cir. 2001); Clay, 199 F.3d at 878; Stringer, 776 F.2d at 275-76; 26 C.F.R. § 301.7609-4(b)(2) (requiring that proceeding to quash a summons be instituted "not later than the 20th day following the day the notice of the summons was served on or mailed to such person").

sovereign immunity, and the petition to quash must be dismissed for lack of subject matter jurisdiction.

The United States also asserts that the Court lacks subject matter jurisdiction over this action because petitioner failed to comply with § 7609(b)(2)(B)'s requirement that he mail a copy of the petition to quash to the IRS and the summoned third party within twenty days of the date of notice. The Court does not need to address this argument, or the United States' argument concerning failure to state a claim upon which relief can be granted, as it has determined that subject matter jurisdiction is lacking because the petition to quash was not timely filed.

**Conclusion**.

For the foregoing reasons, the motion to dismiss of defendants IRS and Agent Stotko should be granted. The United States' motion to dismiss for lack of subject matter jurisdiction should be granted because the petition to quash is untimely.

Accordingly,

**IT IS HEREBY ORDERED** that the Motion to Dismiss of Respondents Internal Revenue Service and Special Agent Jeff Stotko is **GRANTED**. [Doc. 4]

**IT IS FURTHER ORDERED** that the United States of America's Motion to Dismiss Petition to Quash is **GRANTED**. [Doc. 5]

An appropriate order of dismissal will accompany this Memorandum and Order.

_____
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this  14th  day of May, 2009.